# CIRCUIT COURT OF PRINCESS ANNE COUNTY

·J. Clarence Hayman

v.

James E. Heath, Jr.

## June 15, 1960

BY JUDGE H. W. MACKENZIE, JR.

The first assignment of error of the defendant is that the court should not have given an instruction on punitive damages in the absence of some testimony as to the financial worth and standing of the defendant, Heath. Several cases are cited by the defendant, which hold that such evidence is admissible and is directly related to the reason for allowing punitive damages in a civil case. These cases severally hold that it is error to exclude evidence of the defendant's financial worth where exemplary damages are involved; that evidence of the defendant's financial worth is admissible in a proper case; that it is error to instruct the jury to consider the wealth of one defendant where three joint tortfeasors are involved and there is no evidence of the wealth of the other two; that evidence of financial standing of the defendant may be considered by the jury; and that two large verdicts would be set aside where the facts of the case could indicate only a desire to punish, there being in the one instance a direct showing that the amount was beyond the ability of the defendant to pay, and in the other nothing to indicate that he could. There is no case holding that there must be affirmative proof of the defendant's financial standing to justify an instruction on punitive damage. The implication is rather to the contrary from the case of *Haycox v. Dunn*, 200 Va. 212 (1958), which did not condemn an instruction (P-1) very much like that offered here.

There would, perhaps, be more reason for considering the point advanced by the defendant if the verdict had been abnormally large, or at least questionable. However, $2,500.00 cannot be considered unreasonable under all of the circumstances of this case, and the amount certainly does not show

any passionate desire on the part of the jury to punish this defendant. Moreover, the jury was orally instructed by the court as to the three verdicts it could bring in, and they were particularly told that if they determined it to be a case for punitive damages, the normal damages and punitive damages should be separated in their verdict. The absence of a separate finding of punitive damages, in light of all circumstances, indicates that the question is moot in this instance.

The second objection has to do with the refusal to leave to the jury the question of malice in this particular case. The facts are undisputed. It was testified to by the plaintiff that the defendant said to him in the court room, "You are a bunch of lying bastards." The defendant admits the utterance, and, indeed, there is no conflict in the testimony whatever, except with respect to an offer of apology by the defendant which is immaterial to the point now under consideration. It was the ruling of the court at the time the instructions were considered that it was immaterial to decide whether the occasion was privileged as the utterance was malicious as a matter of law.

The Supreme Court of Appeals clearly stated the issue under practically the same circumstances in *Luhring v. Carter*, 193 Va. 529 (1952), and expressly refrained from ruling on the precise question of whether the issue of abuse of privilege should or should not have been submitted to the jury. Because the facts were not in dispute, it was necessary to meet this issue in the case at hand.

The general rule, undoubtedly, is that determination of whether an occasion is or is not one of qualified privilege is a matter of law to be decided by the court, while after determination that the occasion is qualifiedly privileged, the issue of malice is one for the jury. It is stated in 53 C.J.S. 347: "In the absence of controversy as to the facts, it is for the court to say in a given instance whether or not the privilege has been abused or exceeded."

At common law, the basis of an action for slander was the defamation or injury to the person in his trade or calling or in his reputation among his fellow men. Consequently, words which were merely insulting, and which were not defamatory, were not actionable. In Virginia, however, the common law has been changed by § 8-630 of the Code commonly referred to as the "anti-dueling statute" which makes actionable in this state all words which from their usual construction and common acceptance are construed as insults and tend to violence and breach of the peace. There is, by the statute, introduced into the law of Virginia, an element to be considered in these cases which is not present in the common law decisions. It not being necessary in Virginia that the words be defamatory, we can easily be confronted, as in this case, with

actionable words which are insults and bear no relation to the privileged occasion.

If the defendant had branded the plaintiff as a liar by reason of his testimony, that might well have been a question for the jury, so far as malice is concerned. It might simply represent a difference of opinion or conclusion between the plaintiff and defendant over the factual matter in issue, and whether it was malicious might have to be left to the jury for its determination under all of the surrounding circumstances. However, when the defendant called the plaintiff a bastard, that obviously bore no relationship to the business which might give rise to the qualified privilege, that is, whether the plaintiff had testified truthfully before the court. If the issue between the plaintiff and the defendant had been the subject of the plaintiff's antecedents, the same observation made above with respect to the "lying" portion of the declaration might apply. Such, however, was not the case, and the defendant referred to the plaintiff as a bastard solely for the purpose of insulting him, as this record indisputably makes clear.

It seemed then, as it seems now, that it would have been a rather inane and stupid ruling to have to leave to the jury the determination of whether there was any malice in fact involved when the defendant called the plaintiff "a lying bastard."

The motion for a new trial is therefore overruled, and judgment will be entered on the verdict. If a stay is desired, the clerk must be notified within five days, and a $3,000.00 bond will be required.